**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **KIRLEEN DISTEFANO ROMERO GONZALEZ,** | § | |
| **PETITIONER,** | § | |
| | § | |
| **V.** | § | **CIVIL CASE NO. 3:26-CV-1456-K-BK** |
| | § | |
| **THOMAS BERGAMI, WARDEN, PDC,** | § | |
| **RESPONDENT.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States Magistrate Judge for case management, including the issuance of findings and a recommended disposition. Upon review, the petition should be **DISMISSED WITHOUT PREJUDICE**.

On May 5, 2026, Petitioner Kirleen Distefano Romero Gonzalez, a Venezuelan national and a detainee in the custody of Immigration and Customs Enforcement ("ICE"), initiated this action by filing a *pro se* petition for writ of habeas corpus challenging her detention pending removal on due process grounds. Doc. 3 at 6-7. She asks the Court to stop her removal and to release her from ICE custody. Doc. 3 at 7. Respondent filed a response in opposition. Doc. 12.

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court addressed a post-removal-order-detention challenge under 8 U.S.C. § 1231. The Court held that it is presumptively constitutional for an alien to be detained for not more than six months after a *final* order of removal. *Id.* at 701.

On February 23, 2026, an immigration judge ordered Gonzalez removed to Ecuador, a safe third country, based on an Asylum Cooperative Agreement, which barred her request for asylum. Doc. 13 at 10. On April 20, 20206, the Board of Immigration Appeals (BIA), summarily dismissed Gonzalez's appeal as untimely and on June 11, 2026, denied her motion for reconsideration. Doc. 13 at 15-17. The removal order thus became administratively final on April 20, 2026. *See* 8 U.S.C. § 1101(a)(47)(B) ("The [removal] order . . . shall "become final upon the earlier of—(i) a determination by the [BIA] affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the [BIA].").

Because Gonzalez has not been in post-removal-order detention for at least six months, from the date her removal order became final, her unlawful detention claim is premature. *See* *Agyei-Kodie v. Holder*, 418 F. App'x 317, 317-18 (5th Cir. 2011) (per curiam) (affirming dismissal of post-removal-order-detention challenge as premature; noting that six-month period following date on which removal order becomes final must have elapsed before filing of habeas petition challenging confinement under *Zadvydas*); *Okpoju v. Ridge*, 115 F. App'x 302 (5th Cir. 2004) (per curiam) (same).

The Court also lacks jurisdiction to address Gonzalez's request to stop or stay her removal. *See* FED. R. CIV. P. 12(h)(3). The United States Court of Appeals for the Fifth Circuit recently reiterated that "[a] request for stay of removal is a challenge to a removal order" and, as such, the district court lacks jurisdiction to grant such a request. *Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026) (citation omitted). The Court explained that "federal courts lack jurisdiction over claims connected directly and immediately with a decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute

removal orders." *Id.* (citing *Humphries v. Various Fed. USINS Emps.*, 164 F.3d 936, 943 (5th Cir. 1999) and 8 U.S.C. § 1252(g) (internal quotations omitted)).

Here, Gonzalez's request for a stay is connected "directly and immediately" with the Attorney General's decision to execute her removal order. This Court thus lacks jurisdiction to grant her request for stay of removal. *See Fabuluje v. Immigration and Naturalization Agency*, 244 F.3d 133, 133 (5th Cir. 2000) (finding that the court lacked jurisdiction to consider request for a stay of removal proceedings connected to habeas petition); *Idokogi v. Ashcroft*, 66 F. App'x. 526, 2003 WL 21018263, at *1 (5th Cir. Apr. 18, 2003) (same).

For the foregoing reasons, Gonzalez's petition for writ of habeas corpus should be **DISMISSED WITHOUT PREJUDICE** as premature and her request to stop or stay her removal should be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**SO RECOMMENDED** on July 16, 2026.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).